IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-17-68--R |
| | ) | CIV-19-975-R |
| | ) | |
| JAMES CORNELIUS CHRISTIAN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Defendant James Christian. (Doc. No. 87). The Government responded in opposition to the motion on January 8, 2020, and Defendant did not file a reply in support of his motion although the Court granted him leave to do so. (Doc. Nos. 94 and 96). For the reasons set forth herein, the Motion is DENIED.

On March 21, 2017, a federal grand jury sitting in the Western District of Oklahoma returned a one-count indictment charging Defendant with violating 18 U.S.C. § 922(g), alleging that he was a felon in possession of a firearm on or about February 6, 2017. A Superseding Indictment was returned on May 18, 2017, alleging a second count under 18 U.S.C. § 922(g), for a firearm allegedly possessed on or about April 4, 2017. At trial Defendant argued he was entrapped and therefore not guilty; the jury acquitted him on Count 1 and returned a guilty verdict on Count 2.[1] The Court sentenced Defendant to 235-

---

[1] Mr. Christian's defense was summarized by the Tenth Circuit on direct appeal:
    According to Mr. Christian, the confidential informant befriended him a year prior, and they quickly developed a close, sexual relationship. He stated that she supplied him with drugs and money but

1

months imprisonment under the Armed Career Criminal Act. On appeal, counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), and Defendant filed a *pro se* response thereto. *United States v. Christian*, 754 F. App'x 747 (10th Cir. Nov. 6, 2018). The Tenth Circuit affirmed the conviction and sentence. *Id.*

A federal prisoner may challenge the legality of his underlying conviction by filing a habeas petition under 28 U.S.C. § 2255. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). Defendant, taking advantage of 28 U.S.C. § 2255, identifies eight claims that he believes entitle him to relief from his conviction. In Ground One, Defendant alleges that his rights under the Sixth Amendment to the United States Constitution were violated because he was denied his right to counsel. In Ground Two, Mr. Christian asserts that his rights under the Fourth Amendment were violated, specifically his right to privacy, because the confidential informant working on behalf of the government, spent time in his home.[2] In Ground Three, Defendant alleges violation of the Fourth Amendment and the exclusionary rule, premised, it appears, on testimony by the confidential informant that she was using drugs, thereby breaking the law, during the investigation that resulted in his conviction. Mr. Christian's fourth ground for relief asserts violation of his Fifth Amendment right to be free from forced incrimination. Ground Five asserts violation of the Fourth Amendment because during the timeframe the confidential informant and

---

constantly pressured him to acquire guns and to help her to sell them, leading him to eventually acquiesce.

*United States v. Christian*, 754 F. App'x 747, 749 (10th Cir. Nov. 6, 2018). On direct appeal, the court rejected Defendant's contention that acquittal on Count 1 necessitated dismissal of Count 2, noting that his conclusion that the jury accepted his entrapment defense was speculative in light of the general form of verdict.

[2] Defendant asserts that Ms. Shelton spent the night eight or more times.

Defendant were having sex she was using needles to inject drugs, thereby putting Defendant's life in danger. He alleges the confidential informant engaged in sex with the intent to harm him. In Ground Six, Mr. Christian asserts that the use of perjured testimony violated his rights under the Fourth Amendment. Defendant alleges violation of his Sixth Amendment rights in Ground Seven, asserting that he requested copies of the recorded phone conversations between him and the confidential informant but was not granted access to them. In Ground Eight, the final ground for relief, Mr. Christian argues violation of his Fourteenth Amendment rights because the confidential informant spent time in his home and conspired with ATF Agent Oubre to take away his freedom. He asserts that, in addition to deprivation of due process, he is being denied equal protection so long as he is incarcerated.

As noted by the Government, many of Defendant's claims are difficult to comprehend. Although the Court must construe the *pro se* motion liberally, *United States v. Davis*, 339 F.3d 1223, 1225 (10th Cir. 2003), this liberal construction does not obligate the Court to "supply additional factual allegations to round out a plaintiff's complaint or [to] construct a legal theory on a plaintiff's behalf." *Strepka v. Miller*, 28 F. App'x 823, 825 (10th Cir. 2001) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)).[3]

> "[U]nder the law-of-the-case doctrine, courts ordinarily ... refuse to reconsider arguments presented in a § 2255 motion that were raised and adjudicated on direct appeal." *Abernathy v. Wandes*, 713 F.3d 538, 549 (10th Cir. 2013) (collecting cases). Further, "[§] 2255 is not available to test the

---

[3] In his motion Defendant indicated "I am housed in Special Housing Unit at this time I have no access to the law library." (Doc. No. 87, p. 9). Defendant did not seek additional time in which to file a brief nor did he file a reply brief when specifically granted the opportunity to do so. (Doc. No. 96).

3

legality of matters which should have been raised on appeal." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) (internal quotation marks omitted). Accordingly, "[a] defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *Id.*

*United States v. Mercer*, 772 F. App'x 631, 636–37 (10th Cir. 2019). With regard to each of Defendant's claims, except ineffective assistance of counsel as raised in Ground Seven, Defendant's claims either were raised and rejected on direct appeal or they could have been raised on direct appeal and because they were not, the claims are waived.

On direct appeal counsel for Mr. Christian filed a brief pursuant to *Anders v. California*, 386 U.S. 738, *reh. denied*, 388 U.S. 924 (1967). In response to counsel's brief, Mr. Christian argued that, because he was acquitted on Count 1, his initial arrest was void *ab initio*, and but for that illegal arrest, the evidentiary basis for Count 2 would not have been discovered.[4] He further asserted violation of his rights under the Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendments to the Constitution, arguing:

> Improper execution of a warrant, illegal search and seizure by a (Methamphetamine and Cocaine Addicted) paid confidential informant, unlawful government conduct, perjury, improperly recorded audio and video being used against him, tampered evidence, compelled self-incrimination, failure to inform me of the nature of the accusations until the witness testified, invasion of privacy, violations of due process, denial of equal protection, and ineffective assistance of counsel, among other things.

---

[4] Defendant sold a 9 mm pistol to an undercover agent on February 6, 2017, a deal brokered by a paid confidential informant with whom Defendant was having a sexual relationship. Defendant had numerous subsequent telephone calls with the ATF agent in which he referenced selling additional guns but wanting to keep a .380 he possessed. Mr. Christian was arrested on an outstanding warrant in April 2017, when he failed to show up to complete the sale of a 9 mm pistol to the agent. Later, new tenants moved into Defendant's house, which had been searched pursuant to warrant at the time of his arrest. They upended a dresser and .380 fell off the bottom, where its holster had apparently been glued. The new tenants contacted police, who contacted the ATF, as the search warrant had been found in Defendant's apartment. The .380 was the basis for the Superseding Indictment and the count on which Defendant was convicted.

*United States v. Christian*, No 18-6069, Response, Doc. No. 010110026818 (Jul. 23, 2018). The Tenth Circuit rejected Defendant's contention that acquittal on Count One of the Superseding Indictment mandated dismissal of Count Two, rejecting his argument regarding the exclusionary rule. 754 F. App'x at 750 ("In sum, Mr. Christian's invocation of the remedial scheme of the exclusionary rule to provide relief regarding his ostensible showing of entrapment as to Count One is predicated on the 'analogy' between the two doctrines that is fundamentally 'imperfect' and unpersuasive." (quoting *United States v. Russell*, 411 U.S. 423, 430 (1973)). The appeals court rejected the myriad of claims set forth above:

> Mr. Christian and his counsel mention a host of other potential claims relating to the prosecution of his case. These include arguments that his Fourth Amendment rights were violated through an improper execution of a warrant and an illegal search and seizure; that his Fifth Amendment rights were violated through compelled self-incrimination; that his Sixth Amendment rights were violated because he was denied evidence in his favor despite making a request for it; that his due process rights were violated because he was not aware of the allegations and evidence to be used against him; that the government tampered with evidence and lied about which witnesses it planned to use; that, in a letter to defense counsel, the government made reference to the ACCA in order to threaten him and entice him to plead guilty; and that his continued detention violates his Thirteenth Amendment rights. . . . After thoroughly examining the record and the applicable law, we find that there is no viable basis for any of these claims.

*United States v. Christian*, 754 F. App'x at 751.

In response to the Motion, the United States contends that the Tenth Circuit considered and rejected all of Defendant's current claims.[5] The Government also argues

---

[5] Consistent with its precedent, the Tenth Circuit did not address Defendant's ineffective assistance of counsel claim on direct appeal. *Id.* The United States initially characterizes Ground Seven of the instant motion as addressing evidence that was allegedly denied to Defendant. The Court reads the claim more broadly, consistent with the Government's alternative argument at page 9 of its Opposition to Petitioner's Motion, to encompass the alleged

5

that Defendant's claims are too confusing and vague, that he defaulted any claim not raised on direct appeal, that any Fourth Amendment claims are not cognizable on collateral review, and that he cannot establish the ineffective assistance of counsel. (Doc.No. 87).

As noted, Defendant did not file a Reply to support his position or to assert opposition to any of the Government's arguments. The Court finds that, with the exception of Ground Seven, the ineffective assistance of counsel claim, Defendant's claims were either raised and rejected on direct appeal or could have been raised and therefore are barred from the instant motion. The only effort Defendant makes to avoid application of a bar is with regard to Grounds One, Two, and Three. For Grounds One and Two Defendant asserts the claims are premised on newly discovered evidence that was not previously available. (Doc.No. 87, pp. 3, 5) Defendant in essence concedes that he raised Ground Three on direct appeal, stating in the motion, "I failed to correctly state the particular argument/ I did not explain correctly. " (Doc.No. 87, p. 6).[6]

As noted above, to avoid the procedural bar Defendant must establish cause and prejudice or that a fundamental miscarriage of justice will occur if the Court does not consider the merits of the defaulted claims. To the extent Defendant believes that he can avoid procedurally defaulting the claims set forth in Grounds One and Two, his assertion that the claims are premised on new evidence is undercut entirely by his citation to the trial

---

ineffective assistance of counsel. Defendant argues, "[i]n several letters to my lawyer and the courts I asked for the recordings of me and Ms. Shelton. I was denied (phone conversations). That evidence could have possibly influenced the Jury to vote Not Guilty on Both counts." (Doc.No. 87, p. 8).

[6] On the § 2255 Motion form Defendant indicated that he raised Ground Four on direct appeal. For Grounds Five through Eight Defendant appended additional pages that did not include the checklist whereby he could indicate whether he had raised the issue on direct appeal.

transcript. Mr. Christian does not identify any newly discoverable evidence in support of either ground for relief, he relies entirely on the trial transcripts. With regard to Ground Three, the failure to properly articulate a claim does not provide a basis for overcoming the procedural defaulting of the claim. Additionally, nothing in Defendant's filings would support the conclusion that declining to address the issues would result in a fundamental miscarriage of justice, an exception limited to claims that a person is actually innocent. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). Defendant has not shown that he is actually innocent of Count 2 of the Superseding Indictment. Therefore, he cannot establish that failure to review his claims would result in a fundamental miscarriage of justice.

The Court turns to Ground Seven. To the extent Defendant asserts that counsel was constitutionally ineffective, such a claim would not be barred. Defendant contends that he repeatedly asked counsel for recordings of his telephone conversations with the confidential informant. To show that his counsel's performance was constitutionally ineffective, Defendant must demonstrate that the performance of counsel was deficient and that such deficiency prejudiced the outcome of the case. *See Strickland v. Washington*, 466 U.S. 668 (1984). According to a letter from the United States Attorney's Office to defense counsel, dated April 24, 2017, there are no recordings of conversations between Ms. Shelton and Mr. Christian. (Doc. No. 94-2). Agent Oubre testified at trial that informants have difficulty operating the recording app and that there are no recordings of the confidential informant's conversations with Defendant. (Doc. No. 60, p. 69). Clearly not providing Defendant tapes that do not exist cannot be deficient performance by counsel. Defendant is not entitled to relief on Ground Seven.

The Court finds, for the reasons set forth above, that Defendant's claims raised on direct appeal are barred by the law of the case. Further, claims not raised on direct appeal, except ineffective assistance of counsel, are barred and Defendant has not provided a basis for overcoming the bar. Finally, Defendant's ineffective assistance of counsel claim is without merit. No hearing is necessary to resolve the Motion to Vacate.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a defendant. A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court concludes that the requisite standard is not met in this case. Therefore, the Court denies a certificate of appealability.

For the reasons set forth herein, Defendant's Motion to Vacate is DENIED.

**IT IS SO ORDERED** this 26th day of February 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE